IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARGIE A. CREECH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07cv235-CSC |
| | ) | (WO) |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

The plaintiff, Margie A. Creech ("Creech"), applied for supplemental security income benefits pursuant to Title XVI, 42 U.S.C. § 1381 *et seq.*, alleging that she was unable to work because of a disability. She alleged an onset date of February 1, 2004.[1] Her application was denied at the initial administrative level. Creech then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The Appeals Council's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[2] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The

---

[1] Although the plaintiff also applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, the ALJ concluded that she was not entitled to disability insurance benefits because her insured status expired on March 31, 1999.

[2] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

case is now before the court for review pursuant to 42 U.S.C. § 405(g) and § 1631(c)(3). Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to entry of final judgment by the United States Magistrate Judge. Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner is due to be reversed and this case be remanded for further proceedings.

## II.  STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . .

To make this determination,[3] the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. § 404.1520, §416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[3]  A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  ADMINISTRATIVE PROCEEDINGS

**A. Introduction**. Creech was 45 years old at the time of the hearing before the ALJ. (R. 14 & 361-62). She has a ninth grade education. (R. 14 & 362). Creech's prior work experience includes working as a "cashier, construction laborer, assistant nurse, sewing machine operator and private sitter." (R. 14). Creech alleges that she became disabled "due

---

[4] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker,* 651 F.2d 408 (5th Cir. 1981) (Unit A).

to high blood pressure, depression and chronic pain in her neck and back." (*Id*.) Following the hearing, the ALJ concluded that the plaintiff had severe impairments.[5] The ALJ concluded that the plaintiff has the residual functional capacity to perform sedentary work and that she could not perform her past relevant work. (R. 26). Relying solely on the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P., App. 2, the ALJ concluded that Creech could "perform the demands of the full range of light work." (R. 27). Therefore, the ALJ concluded that the plaintiff was not disabled. (*Id*.).

**B. Plaintiff's Claims.** The plaintiff presents one issue for the Court's review.[6] "The

---

[5] In the body of his opinion, the ALJ concludes that "[t]he medical evidence indicates that the claimant has impairments that are severe within the meaning of the Regulations but not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4." (R. 15). In his findings, the ALJ concluded that "[t]he claimant has an impairment or a combination of impairments considered "severe" based on the requirements in Regulations 20 CFR §§ 404.1520(b) and 416.920(b)." (R. 27).

[6] The plaintiff lists a second issue which completely ignores the directives of this court. According to the plaintiff, "[t]he Commissioner's decision should be reversed, because the ALJ failed to evaluate Ms. Creech's case under the proper legal standards." (Pl's Br. at 14). The court sets forth the plaintiff's argument on this issue in its entirety.

> Finally, the Commissioner's decision should be reversed, because the ALJ failed to evaluate Ms. Creech's case under the proper legal standards. Specifically, the ALJ improperly rejected Ms. Creech's pain testimony, failed to evaluate the medical opinions of Dr. Davis in accordance with 20 CFR 404.1527(d) and Social Security Ruling 96-2p and failed to make specific and well-articulated findings as to the effects of the combination of Ms. Creech's impairments, as required by the court in *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987).

(Pl's Br. at 15-16) (footnotes omitted),

On March 20, 2007, the court entered a scheduling order in this case requiring the parties to file briefs specifically setting forth the issues for the court's consideration in this case. The plaintiff was specifically directed to "state in a ***concise, specific manner*** each issue which the plaintiff presents to the court for resolution." (Doc. # 3 at 2, ¶ 4) (emphasis in original.) The plaintiff was warned that "[i]ssues not presented in the Statement of the Issues will not be considered" and he was specifically warned that "general statements of issues such as "the ALJ's decision is not supported by substantial evidence" will not be considered by the court." (*Id*. at fn. 1). For this reason alone, the court declines to consider this issue.

Commissioner's decision, should be reversed, because the ALJ committed reversible error when he mechanically applied the Medical-Vocational Guidelines in demonstrating there were jobs existing in the national economy that Ms. Creech could perform." (Pl's Br. at 14).

### IV. Discussion

Although the plaintiff presents issues related to this court's ultimate inquiry of whether the Commissioner's disability decision is supported by the proper legal standards and by substantial evidence, *see Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987), the court concludes that the ALJ erred as a matter of law and thus, this case is due to be remanded for further proceedings.

The ALJ stated that "[t]he medical evidence indicates that the claimant has impairments that are severe within the meaning of the Regulations but not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4." (R. 15). In his findings, the ALJ concluded that "[t]he claimant has an impairment or combination of impairments considered "severe" based on the requirements of the Regulations 20 CFR §§ 404.1520(b) and 416.920(b)." (R. 27). The court's difficulty is the ALJ does not make specific findings regarding the claimant's impairments.

The court must scrutinize the record in its entirety to determine the reasonableness of the ALJ's decision. *See Walker,* 826 F.2d at 999. The court cannot evaluate the

---

Furthermore, the plaintiff's cursory recitation of three additional issues without any discussion of facts or applicable law is simply insufficient. It is not the court's responsibility to seek out facts in support of the plaintiff's position; rather, the burden is on the parties to formulate arguments and present facts in support of their positions. *See generally Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994).

reasonableness of the ALJ's decision without knowing the basis upon which the ALJ relied. While the ALJ stated that he considered the plaintiff's impairments, the ALJ did not state what impairments he considered. Throughout his written decision, the ALJ describes the plaintiff's allegations and her symptoms, but neither her allegations nor her symptoms are findings regarding her impairments. The ALJ did not describe the impairments he found to be severe, nor did he explain how he determined which impairments, if any, did not rise to the level of severe. Thus, the court is at a loss as to how to review the reasonableness of the ALJ's determination when the ALJ does not state with specificity the impairments he considered.

Furthermore, the ALJ must state, with sufficient specificity, the reasons for his decision referencing his findings regarding the plaintiff's impairments, residual functional capacity, and ultimately, her disability. "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits is rational and supported by substantial evidence." *Cowart v. Schweiker,* 662 F.2d, 735 (11th Cir. 1981). "Failure to do so requires the case be vacated and remanded for the proper consideration." *Hudson v. Heckler,* 755 F.2d 781, 785 (11th Cir. 1985). The record before the court is not clear as to which impairments the ALJ considered to be severe. Because the ALJ did not make specific findings regarding Creech's impairments, the court cannot determine whether his decision is supported by substantial evidence. Thus, this case must be remanded so that the ALJ make specific findings regarding the plaintiff's impairments.

The ALJ then compounded his error by relying solely on the Medical-Vocational

Guidelines and failing to secure the testimony of a vocational expert. In his analysis, the ALJ determined that "[b]ecause the evidence supports a finding that the claimant can perform the demands of the full range of light work, a finding of "not disabled" is directed by Medical-Vocational Rule 201.18."[7] (R. 27). Accordingly, the ALJ relied solely on Rule 201.18 of the Commissioner's Medical-Vocational Guidelines (grids) to conclude that Creech is not disabled.

Exclusive reliance on the grids is appropriate only when a claimant has no non-exertional impairments that significantly limit the claimant's basic work activities. *Foote v. Chater*, 67 F.3d 1553 (11th Cir. 1995); *Sryock v. Heckler*, 764 F.2d 834 (11th Cir. 1985). In this case, Creech presented evidence that she suffers from pain (R. 71, 82, 85, 122, & 280), depression and dysthymia disorder (R. 141, 207, 209-10, 222, 225, 234, 235, & 242), adjustment disorder (R. 141, 176, 207, 209-11, & 222), borderline personality disorder (R. 182, 211, & 236), and mood disorder (R. 176, 182, 208, & 242). The ALJ also found that Creech "experiences some pain and functional limitation secondary to her alleged neck and back pain." (R. 21). In this circuit, "[p]ain is clearly a non-exertional impairment that limits the range of jobs the claimant can perform." *Walker*, 826 F.2d at 1003. Dysthymia is also a non-exertional impairment. *See*, *e.g.*, *Sanders v. Sullivan*, 983 F.2d 822, 823 (8th Cir. 1992); *Diamond v. Sec'y of Health & Human Servs.*, 41 F.3d 1506, 1994 WL 659118, at *1

---

[7] Interestingly, prior to reaching this conclusion, the ALJ discusses Creech's ability to perform sedentary work and ultimately concludes that she has the residual functional capacity to perform sedentary work. (R. 27). It is the duty of the ALJ to resolve inconsistencies in the record. In this case, the ALJ creates the inconsistency by discussing Creech's abilities to perform sedentary work but, relying on her ability to perform light work, concludes that under the grids she is not disabled.

(6th Cir. 1994) (Table); *Gilbert v. Callahan*, 132 F.3d 38, 1997 WL 753361, at *2 (9th Cir. 1997) (Table).

> [I]n determining residual functional capacity only exertional limitations are considered . . . If a claimant has nonexertional impairments that significantly limit the ability to do basic work activities . . . then the grid regulations do not apply. . . . However, when both exertional and nonexertional work impairments exist the grids may still be applicable. [N]on–exertional limitations can cause the grid to be inapplicable only when the limitations are severe enough to prevent a wide range of gainful employment at a designated level. Therefore, when both exertional and nonexertional limitations affect a claimant's ability to work, *the ALJ should make a specific finding as to whether the nonexertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations*. Courts will review this determination only to determine whether it is supported by substantial evidence.

*Sryock*, 764 F.2d at 836 (internal citations omitted). *See also Walker*, 826 F.2d at 1003; *Cowart*, 662 F.2d at 736 (holding that general findings regarding impairments insufficient to meet the ALJ's duty.)

Because the ALJ failed to make the requisite findings regarding any of the plaintiff's impairments, it follows that he necessarily failed to make the specific findings regarding her non-exertional impairments and their effects, if any, on her ability to work. Consequently, the court must conclude that the ALJ's application of the grids was in error.

Finally, if Creech suffers from any severe non-exertional impairment, the ALJ's failure to secure the testimony of a vocational expert was also erroneous. *Foote*, 67 F.3d at 1559 (when non-exertional limitations are alleged, "the preferred method of demonstrating that the claimant can perform specific work is through the testimony of a vocational expert"); *Chester*, 792 F.2d at 132 (The burden of showing by substantial evidence that a person who

8

can no longer perform her former job can engage in other substantial gainful activity is in almost all cases satisfied only through the use of vocational expert testimony.).  Not surprisingly, other courts have reached the same conclusion.  *See Diamond*, 1994 WL 659118 at *2; *Sanders*, 983 F.2d at 823-824.

A fully developed record complete with specific findings "enables [the court] . . . to determine whether the ultimate decision on the merits is rational and supported by substantial evidence."  *Welch v. Bowen*, 854 F.2d 436, 440 (11th Cir. 1988).  Because the ALJ failed to properly specify which impairments he found to be severe, the court is unable to determine whether Creech suffers from any severe non-exertional impairments. Consequently, the court cannot determine whether the ALJ's decision to rely solely on the grids is supported by substantial evidence or whether the ALJ's failure to secure the testimony of a vocational expert was erroneous.  Accordingly, the court concludes that this case is due to be reversed and remanded.

The court will enter a separate final judgment reversing the decision and remanding this case to the Commissioner for further proceedings consistent with this opinion.

Done this 26th day of September, 2007.

                                                              /s/Charles S. Coody
                                             CHARLES S. COODY
                                             CHIEF UNITED STATES MAGISTRATE JUDGE